```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MOMCILO LAZIC,                                              :
                                                            :
                        Plaintiff,                          :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                                                            :
            -against-                                       :   10 Civ. 1824 (BMC)
                                                            :
                                                            :
DORIAN OWNERS, INC., JOSEPH E.                              :
TANTILLO and JONATHAN TANTILLO,                             :
                                                            :
                        Defendants.                         :
                                                            :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Before me is defendants' motion to vacate the Clerks' entry of default against them. Plaintiff Momcilo Lazic instituted the instant action under the Fair Labor Standards Act (FLSA) and New York State Labor Law, claiming that defendants Dorian Owners Inc., Joseph E. Tantillo, and Jonathan Tantillo – Lazic's employers – paid him less than minimum wage and failed to pay him overtime wages. Plaintiff served each defendant and filed proof of service with the Court. The Clerk entered default against defendants long after their time to answer had expired.

Two weeks after default was entered against them, defendants filed an answer to the complaint and moved to vacate the default. Their answer offers general denials of the allegations and states two affirmative defenses: that they were not engaged in interstate commerce and that plaintiff is an exempted employee under federal and state law. In the one-page letter motion submitted with the answer, defendants argue that the default should be vacated because they were never served with the complaint and that service was inadequate. Plaintiff opposes vacatur,

1

claiming that neither defendant's motion nor their answer discloses a meritorious defense to the action and that defendants have failed to rebut the presumption of good service.

Rule 55(c) of the Federal Rules of Civil Procedure, provides that a court may set aside an entry of default for "good cause." As this language suggests, "[t]he dispositions of motions for entries of defaults . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95 (2d Cir. 1993). The scope of this discretion, however, is limited by the Second Circuit's "oft-stated preference for resolving disputes on the merits." <u>Id</u>. Nevertheless, the Court has recognized that default procedures "provide a useful remedy when a litigant is confronted by an obstructionist adversary. Under such circumstances those procedural rules play a constructive role in maintaining the orderly and efficient administration of justice." <u>Id.</u> at 96.

To maintain the balance between the two competing interests, the Court has instructed district courts to consider, along with other relevant factors,"(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." <u>Id.</u> at 96. These factors are applied more rigorously after a default judgment has been entered against defendants.

Although the default has not yet reached the second step of the process – no default judgment has been entered against defendants – I decline to vacate it. By providing affidavits that attest to the service of process of the corporate defendant (by serving the New York Secretary of State) and of the individual defendants (by serving them in their place of business), plaintiff has satisfied the applicable service requirements. <u>See</u> Fed. R. Civ. P. 4(e)(1); N.Y. Bus. Corp. Law § 306; N.Y. C.P.L.R. § 308.

Defendants nonetheless dispute that they were ever served.  First, they overlook N.Y. C.P.L.R. § 308(4) – which allows service to be effectuated on individuals by affixing and mailing the summons to their dwelling *or* place of business – and claim that they never lived at the location where service was made, and instead were only "employees of the managing agent of that building."  Somewhat contradictorily, defendants explain their eventual knowledge of the lawsuit by their receipt of a notice of appearance that "was dropped off" at the very same building.  Second, by claiming that they also never received the summons on the corporate defendant, defendants seem to suggest that either the affidavit regarding service of that defendant was false or the office of the New York State Secretary of State never mailed them the summons and complaint.

Despite the dubiousness of these allegations, had defendants offered submissions of any evidentiary weight, I might have been inclined to hold a hearing for at some of defendants' claims of inadequate service.  But defendants have presented nothing more than an unsworn letter.  I therefore have no basis for finding inadequate service.

Applying the factors set out by the Circuit, and mindful of the harsh and disfavored remedy of default, I find that vacatur is not warranted.  First, given the timing of the motion – only two weeks after the Clerk entered default but more than seven months after defendants were served – I find that defendants likely "made a strategic decision to default."  <u>American Alliance Ins. Co. v. Eagle Ins. Co.</u>, 92 F.3d 57, 60 (2d Cir. 1996).  Second, granting vacatur would prejudice plaintiff.  In this FLSA action, plaintiff's ability to prove liability will likely turn on his recollection – and the credibility of that recollection – of the hours he worked during certain weeks.  Defendant's delay may have well led to a fading of his memories.  Thus, this is not a case where "[defendants'] [d]elay stand[s] alone."  <u>Enron</u>, 10 F.3d at 98.  Finally, defendants

have not presented any "evidence beyond conclusory denials" or offered affidavits to rebut plaintiff's allegations. Id. Their affirmative defenses merely contradict the allegations without providing any facts that "if proven at trial, would constitute a complete defense." Id. Therefore, I find that the interest of an efficient administration of justice outweighs the harsh remedy entered against defendants.

For the reasons provided above, defendants' [8] Motion to Vacate Default is DENIED. Plaintiff is directed to file his motion for default judgment, including proof of damages, by February 11, 2011. Defendants shall have until February 26, 2011 to submit any opposition to plaintiff's proof of damages, and the Court will then determine whether the inquest will proceed on submission or at a hearing.

<u>Signed electronically</u>/Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       January 29, 2011